UNITED STATED BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                    Case No. 16-54136

YUSUF A. LEWIS, and                                          Chapter 13
SHARON A. LEWIS,
                                                                            Judge Thomas J. Tucker
                Debtors.
_____/

**OPINION AND ORDER DENYING THE DEBTORS'
MOTION TO REOPEN BANKRUPTCY CASE**

This case is before the Court on the Debtors' motion, filed January 14, 2022, entitled "Debtors' Ex Parte Motion to Reopen Case and For Extension of Time to File Debtors' Certification of Completion of Financial Management Course" (Docket # 55, the "Motion"). The Motion seeks to reopen this case to enable the Debtors each to file a Financial Management Course Certificate (the "Financial Management Course Certificate"), and then receive a discharge. The Motion was filed two years and nine months after this case was closed. For the following reasons, the Court will deny the Motion.

**A. Background**

With the assistance of their attorney, the Debtors filed a joint voluntary petition for relief under Chapter 13 on October 16, 2016, commencing this case. Under Fed. R. Bankr. P. 1007(b)(7)(A),[1] 1007(c),[2] and 4004(c)(4),[3] and 11 U.S.C. § 1328(g)(1),[4] to obtain a discharge

---

[1] Fed. R. Bankr. P. 1007(b)(7)(A) states the requirement for a debtor to file a Financial Management Course Certificate. It provides:

> (7) Unless an approved provider of an instructional course concerning personal financial management has notified the court that a debtor has completed the course after filing the petition:
>
> (A) An individual debtor in a chapter 7 or Chapter 13

under 11 U.S.C. § 1328, the Debtors in this Chapter 13 case each were required to file a Financial Management Course Certificate no later than the date when the last payment was made by the Debtors as required by their confirmed plan.

The Debtors' Chapter 13 plan was confirmed on March 15, 2017.[5] The confirmed plan provided for payments by the Debtors for 60 months, and a 100% dividend to unsecured creditors.[6] The Debtors completed all their required plan payments early, however, on December

---

    case shall file a statement of completion of the course, prepared as prescribed by the appropriate Official Form[.]

[2] Fed. R. Bankr. P. 1007(c) provides the time limit for filing the Financial Management Course Certificate. It states, in relevant part:

    In a chapter 7 case, the debtor shall file the statement required by subdivision (b)(7) within 60 days after the first date set for the meeting of creditors under § 341 of the Code, and **in a Chapter** 11 or **13 case no later than the date when the last payment was made by the debtor as required by the plan** or the filing of a motion for discharge under § 1141(d)(5)(B) or § 1328(b) of the Code**.**

(Emphasis added). The Debtors did not file a motion under § 1328(b), seeking a hardship discharge.

[3] Fed. R. Bankr. P. 4004(c)(4) states, in relevant part, that "[i]n . . . a Chapter 13 case, the court shall not grant a discharge if the debtor has not filed any statement required by Rule 1007(b)(7)."

[4] Section 1328(g)(1) provides, in relevant part, that:

    The court shall not grant a discharge under this section to a debtor unless after filing a petition the debtor has completed an instructional course concerning personal financial management described in section 111.

[5] *See* Order Confirming Plan (Docket # 42); Amended Order Confirming Plan (Docket # 43).

[6] *See* Chapter 13 Plan (Docket # 28) at pp.1-2, §§ II(A) and II(B); p. 5, § III(I).

26, 2018.[7] Under Fed. R. Bankr. P. 1007(c), quoted in footnote 2, that meant that the deadline for the Debtors to file their Financial Management Course Certificates was December 26, 2018.

The Debtors failed to file their Financial Management Course Certificates by the December 26, 2018 deadline, or at any time thereafter while the case remained open. The Debtors also failed to file a motion to extend the deadline to file the Financial Management Course Certificates.

On April 16, 2019, after the case had been fully administered, the case was closed without a discharge, due to the Debtors' failure to file their Financial Management Course Certificates. (Docket # 53.) Notice of the Final Decree entered that day (Docket # 54) was served on the Debtors' counsel by e-mail on April 16, 2019 through the Court's ECF system. And a notice that the Debtors' bankruptcy case had been closed without a discharge was served by the Bankruptcy Noticing Center by mail on April 18, 2019 on all creditors, and on the Debtors. (Docket # 54). Such notice stated: "All creditors and parties in interest are notified that the above-captioned case has been closed without entry of discharge as Debtor(s) did not file Official Form 423, Certification About a Financial Management Course." (*Id*.)

Two years and nine months later, on January 14, 2022, the Debtors filed the present Motion (Docket # 55).

**B. Discussion**

The Motion alleges that the reason the Debtors did not take the financial management course, and did not timely file the required Financial Management Course Certificates, was because of an unspecified "miscommunication with their previous attorney." (Mot. at ¶ 4.) A

---

[7] *See* Chapter 13 Standing Trustee's Final Report and Account (Docket # 52) at p. 1, ¶ 1.

3

"miscommunication" is not a valid excuse (1) for the Debtors' failure to timely complete the financial management course and file the required Financial Management Course Certificate, by the December 26, 2018 deadline, over three years ago; or (2) for the Debtors' delay of two years and nine months after this case was closed before they moved to reopen it.

Section 350(b) of the Bankruptcy Code, Federal Bankruptcy Rule 5010,[8] and Local Bankruptcy Rule 5010-1[9] govern motions to reopen a case for the purpose of filing a Financial Management Course Certificate. Bankruptcy Code Section 350(b) states that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Here, in essence, the Debtors seek to reopen the case to move for an order granting the Debtors a retroactive extension of time to file the Financial Management Course Certificates, so the Debtors can obtain a discharge. The Motion states: "3. Debtors hereby request that the court enter an order: (a) reopening the case pursuant to 11 U.S.C. § 350(b) and F.R.B.P. 5010-1; and (b) extending the time for the Debtors to file Form 23 to January 28, 2022." (Mot. at ¶ 3.)

"It is well settled that decisions as to whether to reopen bankruptcy cases . . . are committed to the sound discretion of the bankruptcy judge . . . ." *Rosinski v. Rosinski* (*In re Rosinski*), 759 F.2d 539, 540-41 (6th Cir. 1985) (citations omitted). "To make the decision, courts may consider 'the equities of each case with an eye toward the principles which underlie

---

[8] Bankruptcy Rule 5010 states, in relevant part, that "[a] case may be reopened on motion of the debtor . . . pursuant to §350(b) of the Code." Fed. R. Bankr. P. 5010.

[9] Local Bankruptcy Rule 5010-1(b) states, in relevant part that "[a]fter a case is closed, a debtor seeking to file . . a Certification About Financial Management Course . . . must file a motion to reopen the case." LBR 5010-1(b) (E.D. Mich.).

4

the Bankruptcy Code." *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *1 (Bankr. N.D. Ohio August 22, 2016) (citation omitted).  The Debtors have the burden of establishing that "cause" exists to reopen this case.  *See id.* (citing *Rosinski*, 759 F.2d 539 (6th Cir. 1985)).

Bankruptcy Rule 9006(b)(3) states, in relevant part, that "the court may enlarge the time to file the statement required under Rule 1007(b)(7) [(the Financial Management Course Certificate)] . . . only to the extent and under the conditions stated in Rule 1007(c).  Fed. R. Bankr. P. 9006(b)(3).  Bankruptcy Rule 1007(c), in turn, permits a bankruptcy court "at any time and in its discretion, [to] enlarge the time to file the statement required by subdivision (b)(7) [of Bankruptcy Rule 1007(c) [(namely, a Financial Management Course Certificate)]."  Fed. R. Bankr. P. 1007(c).  However, with an exception not applicable here, any such extension "may be granted only on motion **for cause shown** and on notice to the United States trustee, any committee elected under § 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct."  Fed. R. Bankr. P. 1007(c) (emphasis added).

Several reported bankruptcy cases, including cases decided by the undersigned judge, have considered whether "cause" exists to grant a debtor's motion to reopen a case to file a Financial Management Course Certificate after the debtor's case was closed without a discharge. Such cases apply a four-part test, and have denied the motion where the Debtor had not completed a post-petition financial management course and filed the motion to reopen and a Financial Management Course Certificate within a relatively short time after the case was closed. The four factors that these cases have considered are: "(1) whether there is a reasonable explanation for the failure to comply; (2) whether the request was timely; (3) whether fault lies with counsel; and (4) whether creditors are prejudiced."  *See*, *e.g.*, *In re Barrett,* 569 B.R. 687,

5

690-92 (Bankr. E.D. Mich. 2017) (applying the 4-part test and denying a debtor's motion to reopen to file a Financial Management Course Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and Financial Management Course Certificate until more than 8 years after the case was closed); *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *2-3 (Bankr. N.D. Ohio Aug. 22, 2016) (denying a debtor's motion to reopen to file a Financial Management Course Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and Financial Management Course Certificate until more than 7 years after the case was closed); *In re McGuiness*, No. 08-10746, 2015 WL 6395655, at *2, 4 (Bankr. D.R.I. Oct. 22, 2015) (more than 7 year delay); *In re Johnson*, 500 B.R. 594, 597 (Bankr. D. Minn. 2013) (more than 4 year delay); *cf. In re Heinbuch*, No. 06-60670, 2016 WL 1417913, *3-4 (Bankr. N.D. Ohio April 7, 2016) (approximately 7 year delay).

This Court has denied motions to reopen in numerous cases, where the delay ranged from 10 months to more than 11 and a half years. *See In re Motley,* No. 18-53216, 2022 WL 141671 (Bankr. E.D. Mich. Jan. 14, 2022) (delay of almost 3 years); *In re Brown*, No. 19-47989, 2022 WL 24056 (Bankr. E.D. Mich. January 3, 2022) (delay of 15 months); *In re Rivera*, 628 B.R. 309 (Bankr. E.D. Mich. 2021) (delay of 2 years and 9 months)*; In re Szymanski,* 625 B.R. 875 (Bankr. E.D. Mich. 2021) (delay of more than 18 months); *In re Hendricks*, 625 B.R. 694 (Bankr. E.D. Mich. 2021) (delay of more than 14 months); *In re Smith,* 625 B.R. 41 (Bankr. E.D. Mich. 2021) (delay of almost 17 months); *In re Lemon*, 625 B.R. 47 (Bankruptcy E.D. Mich. 2021) (delay of 15 months); *In re Aziz*, 622 B.R. 694 (Bankr. E.D. Mich. 2020) (delay of four years and eight months); *In re Smith*, 620 B.R. 888 (Bankr. E.D. Mich. 2020)(delay of two and a half

6

years); *In re Suell*, 619 B.R. 642 (Bankr. E.D. Mich. 2020) (delay of almost two years); *In re Raza*, 617 B.R. 290 (Bankr. E.D. Mich. 2020) (delay of 11 and a half years); *In re Locklear*, 613 B.R. 108 (Bankr. E.D. Mich. 2020) (delay of nearly 12 months); *In re Jackson*, 613 B.R. 113 (Bankr. E.D. Mich. 2020) (delay of 13 months); *In re Szczepanski,* 596 B.R. 859 (Bankr. E.D. Mich. 2019) (delay of more than 15 months); *In re Lockhart*, 582 B.R. 1 (Bankr. E.D. Mich. 2018) (delay of more than 1 year); *Barrett,* 569 B.R. at 688 (delay of more than 8 years); *In re Kessler*, 588 B.R. 191 (Bankr. E.D. Mich. 2018) (delay of 5 years); *In re Moore*, 591 B.R. 680 (Bankr. E.D. Mich. 2018) (delay of 10 months); *In re Garnett*, 579 B.R. 818, 823 (Bankr. E.D. Mich. 2018) (delay of more than 5 and one half years); *In re Rondeau*, 574 B.R. 824 (Bankr. E.D. Mich. 2017) (delay of more than 3 years); *In re Wilson*, 575 B.R. 783 (Bankr. E.D. Mich. 2017) (delay of almost 15 months); *In re Whitaker*, 574 B.R. 819 (Bankr. E.D. Mich 2017) (delay of 11 months); *In re Bragg*, 577 B.R. 265 (Bankr. E.D. Mich. 2017) (delay of almost 11 months).

The Court will apply this four-factor approach in this case. The Court finds that the Debtors have not shown either cause to reopen this case, or cause to grant the Debtors a retroactive extension of almost three years of the deadline to file the Financial Management Course Certificates.

### *Factor 1: whether there is a reasonable explanation for the failure to comply*

The Motion does not demonstrate any valid excuse, (1) why the Debtors failed to timely complete the financial management course and file the required Financial Management Course Certificate, by the December 26, 2018 deadline, which was over three years ago; or (2) why the Debtors waited two years and nine months after this case was closed on April 16, 2019 before they moved to reopen it. This factor weighs heavily against granting the Motion.

7

The Motion alleges that the reason for the Debtors' failures is "[d]ue to a miscommunication with their previous attorney." (Mot. at ¶ 4.) The Motion does not state what that "miscommunication" was or how it possibly could have led to the Debtors being unaware that they were required to take a financial management course and timely file a Financial Management Course Certificate. This claimed excuse is without merit, especially in light of the notices that both the Debtors and their attorney received from the Court informing them of such requirement.

Although not required to do so, the Clerk of this Court reminded the Debtors and their attorney of the requirement to file the Financial Management Course Certificates, and the deadline for doing so, in a notice filed on December 2, 2016. (Docket # 23.) That notice was served on the Debtors' attorney by e-mail on December 2, 2016, and the Bankruptcy Noticing Center mailed the notice to the Debtors on December 4, 2016. The notice stated:

> **NOTICE OF REQUIREMENT TO FILE A CERTIFICATION ABOUT A FINANCIAL MANAGEMENT COURSE**
>
> Notice is hereby given that, subject to limited exceptions, a debtor must complete an instructional course in personal financial management in order to receive a discharge. Pursuant to Rule 1007(b)(7) of the Federal Rules of Bankruptcy Procedure, the debtor(s) must complete and file a **Certification About a Financial Management Course (Official Form 423)** as described in 11 U.S.C. § 111.
>
> Debtor(s) and/or debtor(s)' attorney is/are hereby notified that **Official Form 423** must be filed before a discharge can be entered. Debtor(s) and/or debtor(s)' attorney is/are hereby notified that in a chapter 13 case the debtor(s) must file **Official Form 423** no later than the date when the last payment was made by the debtor as required by the plan under § 1328(b) of the Code.

> **Failure to file the certification will result in the case being closed without an entry of discharge**. If the debtor(s) subsequently file(s) a Motion to Reopen the Case to allow for the filing of the **Official Form 423**, the debtor(s) must pay the full reopening fee due for filing the motion

(Docket # 24) (footnote omitted) (bold in original).

Even assuming that the Debtors had some sort of misunderstanding about the financial management course requirement before their case was closed, they cannot reasonably and credibly allege that they still had a misunderstanding about this requirement, after they received the Notice of the Final Decree in April 2019, which clearly stated that their case had "been closed without discharge as to both Debtors" because the Debtors "did not filed Official Form 423, Certification About a Financial Management Course."  And in this case, the Debtors were represented by an attorney at all times, who also received this notice by e-mail on April 16, 2019.

The Motion also does not explain why the Debtors waited two years and nine months after the case was closed to check on their bankruptcy case, to move to reopen the case, and to complete the financial management course and file their Financial Management Course Certificates.  The Financial Management Course Certificates filed by the Debtors on January 14, 2022 (Docket ## 56, 57) show that each of the Debtors failed to take the required financial management course until January 14, 2022, which is **more than three years after the deadline** to do so.  As already stated, the Debtors were informed, by the notice described above, which was mailed to them on April 16, 2019, that their case had been closed without a discharge, and why it had been so closed.[10]  Yet the Debtors and their attorney did nothing to try to rectify this

---

[10]  There is no indication in the record that the mailing was returned undelivered by the post office.

9

16-54136-tjt    Doc 58    Filed 01/20/22    Entered 01/20/22 14:52:18    Page 9 of 12

for 2 years and nine months afterwards. And the Motion alleges no reason, let alone a valid excuse, for such an extremely long delay by the Debtors.

*Factor 2: whether the request was timely*

The delay here of over three years in the Debtors' completion of their financial management course, and the delay of over three in the Debtors' filing the Financial Management Course Certificate, and the delay of two years and nine months in moving to reopen this case, are all far too long. Such a long delay frustrates the goals of the legislation which added the financial management course requirement as a condition for obtaining a Chapter 13 discharge. In *Chrisman*, a Chapter 7 case, the court stated the following, which applies as well to this Chapter 13 case:

> Congress added participation in a post-petition financial management instructional course as a condition to obtaining a Chapter 7 discharge to the Bankruptcy Code in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. 11 U.S.C. § 727(a)(11). One of the goals of the legislation and this requirement was to restore individual financial responsibility to the bankruptcy system.
> . . . .
>
> "The main purpose of a bankruptcy filing is to obtain a discharge, and any action that delays that benefit is mystifying and therefore requires additional justification. Justification supports the goals of not only the bankruptcy system, but also the purpose of the financial management course. Allowing a debtor to take the financial management course years after its target completion provides no educational benefit to the debtor for the intervening years and denigrates its purpose. Moreover, it maligns the integrity of the system and its fairness to all parties....It is unfair to creditors to allow a debtor to avoid the responsibilities established by the bankruptcy code and rules, only to later want to fulfill those requirements when faced with a resulting unpleasantness."

*Chrisman*, 2016 WL 4447251, at *1, *2 (quoting *Heinbuch*, 2016 WL 1417913, at *2 ). In *Chrisman*, as in this case, "neither the instructional component nor the paperwork component were timely accomplished," and the court found that "[t]he Congressional purposes in adding the post-petition financial management instructional requirement to the Bankruptcy Code as a condition of discharge [had] been completely stymied." *Id*. at *3.

The magnitude of the Debtors' delay in this case is very significant, and this factor heavily weighs against granting the Motion.

### *Factor 3: whether fault lies with counsel*

The Debtors have been represented by counsel in this case at all times, but the Debtors did not allege in the Motion that their failure to timely complete the Financial Management Course and to file a Financial Management Course Certificate was in any way the fault of their counsel. The fault was entirely the fault of the Debtors. This factor weighs against granting the Motion.

### *Factor 4: whether creditors are prejudiced*

In *Chrisman*, the court reasoned, with regard to the prejudice factor, that "[t]o spring a discharge on creditors more than seven years later that many of them will now not even receive, at peril of violating the unknown discharge, is simply unfair." *Id.* at *3. The delay in this case is shorter than the delay in *Chrisman*, but it is still very long. Generally speaking, the longer the delay, the greater the prejudice. Here, there was a very long delay. This factor, therefore, also weighs against granting the Motion.

In summary, all of the relevant factors weigh against a finding of cause to reopen this case. The Debtors have failed to demonstrate cause to reopen this case. Accordingly,

11

IT IS ORDERED that:

1. The Motion (Docket # 55) is denied.

2. The Debtors are not prohibited from filing a new bankruptcy case.

**Signed on January 20, 2022**



/s/ Thomas J. Tucker
**Thomas J. Tucker
United States Bankruptcy Judge**